

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE HOMELESS PATROL, and JOSEPH KASTNER,

                  Plaintiffs,

-v-

JOSEPH VOLPE FAMILY, et al,,

                  Defendants.

ORDER
09 cv 3628(GBD)(FM)

GEORGE B. DANIELS, District Judge:

*Pro-se* Plaintiff Joseph Kastner[1] (aka "The Homeless Patrol") commenced this action against approximately fifty Defendants, including the City of New York, several companies and several individually named persons. In his Second Amended Complaint, Kastner seeks relief on a number of theories, including contractual and tort liability.[2] He also alleged federal statutory violations. Kastner's principal allegation against the City is that it refuses to hire him because it will not hire any individual with a German surname. The Amended Complaint details the alleged wrongs, principally due to his German surname, of numerous City agencies, the named companies and individual defendants.

Defendants Allstate Insurance Company ("Allstate"), Hereford Insurance Company ("Hereford"), Continental Casualty Company ("Continental), Style Management Co., Inc. ("Style"), Mario Lopez ("Lopez"), Ford Motor Company ("Ford"), Mystic Leasing Services Co. ("Mystic"), Andrew Rosenberg ("Rosenberg"), Hedi and Gus Kudoglannis, the City, and William Thompson ("Thompson"), (collectively "Moving Defendants") have moved to dismiss the Amended Complaint for failure to state a jurisdictionally cognizable claim pursuant to the

---

[1] Kastner brings the action on his own behalf as well as on the behalf of the "Homeless Patrol."

[2] Kastner's Amended Complaint is 148 pages long and consists mostly of undecipherable allegations. Kastner also submitted several written responses, that often exceeded one hundred pages, in opposition to Moving Defendants motions.

Federal Rules of Civil Procedure Rule 8(a). This Court referred the motion to Magistrate Judge Frank Maas for a Report and Recommendation ("Report"). Judge Maas addressed the merits of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), and recommended that plaintiff's complaint be dismissed in its entirety.

Magistrate Judge Maas recommended that the claims against the Moving Defendants be dismissed with prejudice. Judge Maas also recommended that the Court *sua sponte* dismiss: (a) with prejudice, the federal claims against the non-moving defendants for failure to state a claim; and (b) without prejudice, the state claims against the non-moving defendants for failure to plead a basis for federal jurisdiction.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This court has received no objections to the Report and

Recommendation, and the time to do so has expired.

After carefully reviewing the Report and Recommendation, this Court finds that the report is not facially erroneous, and adopts the Report's Recommendation to dismiss all claims against all defendants. The Moving Defendants' motions to dismiss are granted in their entirety. The federal claims against the non-moving defendants are dismissed *sua sponte*. The state law claims of the Amended Complaint are dismissed.[3]

Dated: New York, New York
July 20, 2010

SO ORDERED:

_____
HON. GEORGE B. DANIELS
United States District Judge

---

[3] Plaintiff's state law claims are dismissed without prejudice, and any further amendment of plaintiff's complaint in this action would be futile, unless plaintiff can sufficiently allege both a claim for relief and a basis for federal diversity jurisdiction.

3